

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

November 22, 1962

Honorable J. M. Falkner
Banking Commissioner
State Department of Banking
Capital National Bank Bldg.
Austin, Texas

Opinion No. WW-1479

Re: Whether the Banking Board May
Conditionally Approve an Appli-
cation to Convert a National
Bank to a State Bank Under the
Stated Facts.

Dear Mr. Falkner:

Your letter requests the opinion of this office on the question of
whether or not the State Banking Board may conditionally approve an
application by a national bank, located in a town with a population of
less than one thousand, for conversion to a state bank when such national
bank currently has a capital stock of $25,000.00, surplus of $25,000.00,
and undivided profits of approximately $26,000.00.

Your specific question is whether or not the Banking Board may
conditionally approve this application, upon the assurance in writing by
each stockholder of the national bank that immediately after such approval
by the Board, $12,500.00 "new" money and $12,500.00 from the undivided
profits account will be transferred to the capital account, making a total
capital of $50,000.00.

Art. 342-314 of the Banking Code of 1943 (added Acts 1955, 54th
Leg., p. 663, ch. 234, § 1) provides for the conversion of national banks
into state banks and reads, in part, as follows:

> "A national bank or association located in this state which
> follows the procedures prescribed by the laws of the United
> States to convert into a state bank, shall be granted a cer-
> tificate of incorporation when the State Banking Board finds
> that the bank meets the standards as to location of office,
> capital structure and business experience of officers and
> directors for the incorporation of a state bank. In consid-
> ering the application for conversion from a national bank

into a state bank the Board shall consider and determine that the new bank meets with all the requirements of a new state bank applicant. . ."

Turning to the requirements for incorporation of state banks, we find the following standard in Art. 342-303 of the Banking Code:

"No State bank shall be hereafter chartered with capital less than the following requirements, nor shall any State bank be permitted to reduce its capital below such requirements, said requirements to be determined by the last Federal Census preceding the granting of the charter or the reduction in capital:

(a) If domiciled in a city or town with not over six thousand (6,000) population, a minimum capital of Fifty Thousand Dollars ($50,000)."

In considering an application filed for a new state bank charter, the State Banking Board, under Article 342-305 of the Banking Code, is to determine (among other issues) whether or not "[t]he proposed capital structure is adequate." Article 342-305 continues:

"Should the State Banking Board determine any of the above issues adversely to the applicants, it shall reject the application. Otherwise such Board shall approve the application and the Commissioner shall, when the capital has been paid in in cash and the franchise tax paid, deliver to the incorporators a certified copy of the articles of association, and the bank shall come into corporate existence. . ." (Emphasis supplied)

Specific authority for the conditional approval of applications is found in the last sentence of Article 342-305, reading as follows:

". . . Provided, however, that the State Banking Board may make its approval of any application conditional, and in such event shall set out such condition in the resolution granting the charter, and the Commissioner shall not deliver the certified copy of the articles of association until such condition has been met, after which the Commissioner

shall in writing inform the State Banking Board as to
compliance with such condition and delivery of the arti-
cles of association. . ."

We are of the opinion that the foregoing provisions of Article
342-305 apply to the conversion here considered and that they authorize
the conditional approval of the application by the Board. Such approval
violates neither Art. 342-303, supra, nor Section 16 of Article 16 of
the Constitution of Texas, which provides that no state bank, "shall be
chartered until all of the authorized capital stock has been subscribed
and paid for in full in cash." The bank here considered will not be
"chartered" as a State bank until a certified copy of the articles of as-
sociation has been delivered to the directors by the Banking Commissioner.
"The laws under which a banking corporation is formed, together with its
articles of incorporation, constitute its charter." 9 C.J.S. 79, Banks
and Banking, Sec. 42. In State Banking Board of Texas v. McCulloch,
316 S.W.2d 259, (Civ. App. 1958, error ref., n.r.e.), the court had be-
fore it the question of whether a Board order of August 1st, approving a
charter, became final before an order of August 2nd reversed it. The
court stated:

"The rule applicable here is stated by Judge Speer
in his Law of Banks and Banking in Texas, Sec. 28, to
be that:

'The Banking Board may rescind its order approving
and authorizing the delivery of a charter at any time be-
fore the actual delivery has been made by the Commissioner.'

"Here no charter had been delivered."

In view of these authorities and the language of Art. 342-305 providing that
a bank shall not come into existence until a certified copy of the articles
of association has been delivered by the Commissioner to the incorpora-
tors (or the directors in this case), we are of the opinion that the Board
may conditionally approve the application here considered.

This opinion is limited solely to the facts stated in your request
with regard to the capital structure of the applicant and does not relieve
the applicant of satisfying all other requirements of state and federal law.

## SUMMARY

The State Banking Board may approve an application for conversion from a national bank to a state bank status upon condition that the full amount of the required capital shall have been paid in, in cash, prior to the time the directors are delivered a certified copy of the articles of association by the Banking Commissioner.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Dudley D. McCalla
Dudley D. McCalla
Assistant Attorney General

DDM:lmc

APPROVED:

OPINION COMMITTEE:

W. V. Geppert, Chairman
Iola Wilcox
L. P. Lollar

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore